FILED

NOV 14 2005

U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FRANCIS DAN WHITEHURST and MARY D. WHITEHURST | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | DOCKET NO. 05-[illegible] |
| | § | JUDGE: ______________ |
| | § | |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

1. Plaintiffs Francis Dan Whitehurst and Mary D. Whitehurst ("Plaintiffs" or the "Whitehursts") are citizens of the United States of America whose mailing address and residence is 21001 NE 114th Street, Redmond, WA, 98053.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, 6230(c), 6601, 6212, 6213, and 6404 of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiff.

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a), of the United States Code.

---

[1]References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

COUNT ONE

(Calendar Year 1981)

5. Francis Dan Whitehurst and Mary D. Whitehurst timely filed a joint federal income tax return for the calendar year 1981 and paid the taxes reported due on said return. Their taxpayer identification numbers reflected on the subject tax return are XXX-XX-3117 and XXX-XX-5931, respectively.

6. Francis Dan Whitehurst was a limited partner in Cinema '84 ("the Partnership"), a limited partnership that is one of the Greenberg Brothers partnerships.

7. A dispute arose between the IRS and Cinema '84 as to certain partnership items reported on the partnership's tax returns.

8. On November 30, 1999, the Whitehursts and the IRS entered into a Closing Agreement with respect to the Cinema '84 dispute.

9. Beginning on October 2, 2000, the IRS assessed tax of $1,857.00 and interest and penalties of $8,402.67 to the Whitehursts' 1981 tax account.

10. On April 19, 2001, the Whitehursts paid the 1981 assessments in full.

11. On April 15, 2003, the Whitehursts filed claims for refund of $1,857.00 in tax and $8,402.67.00 in interest for 1981.

12. On November 14, 2003, the IRS denied those claims.

13. As grounds for recovery in this action, the Whitehursts restate and incorporate herein the grounds for refund set out in those claims:

A. The settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for

every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their Partnership investment would be determined based on several factors set forth in the agreement, (ii) "any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attributable as allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that would be or had been recognized related to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their distributive share of any partnership income or gains for certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. Therefore, it is clear that any resulting tax deficiency to the taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of deficiency requirements under §§6212 and 6213. The IRS did not issue the statutory notice of deficiency with regard to the assessments sought to be refunded in this claim. An assessment of a tax liability in violation of the restrictions on assessment set forth in §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under §6213.

B. The claim is timely. It is being filed within two years from the date of payment.

C. If it is determined that the taxpayers are entitled to anything less than a full refund, the recomputation of interest must take into account the doctrine in *Avon Products*, 78-2 U.S.T.C.

¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

D. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 as follows:

(i) First, interest should be abated for the period beginning with the commencement of the IRS' wrongful representation that the partners in this partnership would be entitled to request consistent settlements based upon those entered into by other partners, even providing the names and date of the settlements with respect to which the consistent settlements could be requested, the representation to the United States Tax Court that all of the cases then pending would be settled either based upon settlement documents that were in process or upon requests for consistent settlement, and then the subsequent refusal to enter into consistent settlements resulting in the delay from February 8, 1995 until the actual date that the above-referenced settlement agreement was entered into, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the partner in writing with regard to the civil partnership level return examination.

(ii) Second, if it is determined that there was a waiver of the restrictions under §6213, which the taxpayers assert there was not, then interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability. The failure to promptly assess

the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment, and further, such abatement is required under §6404.

E. In the alternative, the taxpayer is entitled to a refund of the tax and interest paid, beginning with 1981, to the extent of the amount in each year offset by application of the taxpayers 1995 refund in the amount of $9,137 arising out of the settlement and wrongfully disallowed 6/28/01, which should have been applied to offset a portion of the deficiency in accordance with the terms of the settlement.

F. The refund claims for 1981 and 1982 are based on the same grounds as stated above. Those assessments were made based on the IRS' determination of adjustments to carrybacks as affected items under TEFRA arising from the settlement years.

14. Over six (6) months have elapsed since the Whitehursts filed their original claim for refund. Other than the disallowance described above, no action on the claims for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

15. The Whitehursts are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT TWO

(Calendar Year 1982)

16. Francis Dan Whitehurst and Mary D. Whitehurst timely filed a joint federal income tax return for the calendar year 1982 and paid the taxes reported due on said return. Their taxpayer identification numbers reflected on the subject tax return are XXX-XX-3117 and XXX-XX-5931, respectively.

17. Francis Dan Whitehurst was a limited partner in Cinema '84.

18. A dispute arose between the IRS and Cinema '84 as to certain partnership items reported on the partnership's tax returns.

19. On November 30, 1999, the Whitehursts and the IRS entered into a Closing Agreement with respect to the Cinema '84 dispute.

20. Beginning on October 2, 2000, the IRS assessed tax of $1,401.00 and interest and penalties of $6,233.48 to the Whitehursts' 1982 tax account.

21. On April 19, 2001, the Whitehursts paid the 1982 assessments in full.

22. On April 15, 2003, the Whitehursts filed claims for refund of $1,401.00 in tax and $6,233.48.00 in interest for 1982.

23. On November 14, 2003, the IRS denied those claims.

24. As grounds for recovery in this action, the Whitehursts restate and incorporate herein the grounds for refund set out in those claims:

A. The settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their Partnership investment would be determined based on several factors set forth in the agreement, (ii) "any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attributable as allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that would be or had been recognized related to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their distributive share of any partnership income or gains for

certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. Therefore, it is clear that any resulting tax deficiency to the taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of deficiency requirements under §§6212 and 6213. The IRS did not issue the statutory notice of deficiency with regard to the assessments sought to be refunded in this claim. An assessment of a tax liability in violation of the restrictions on assessment set forth in §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under §6213.

B. The claim is timely. It is being filed within two years from the date of payment.

C. If it is determined that the taxpayers are entitled to anything less than a full refund, the recomputation of interest must take into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

D. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 as follows:

(i) First, interest should be abated for the period beginning with the commencement of the IRS' wrongful representation that the partners in this partnership would be entitled to

request consistent settlements based upon those entered into by other partners, even providing the names and date of the settlements with respect to which the consistent settlements could be requested, the representation to the United States Tax Court that all of the cases then pending would be settled either based upon settlement documents that were in process or upon requests for consistent settlement, and then the subsequent refusal to enter into consistent settlements resulting in the delay from February 8, 1995 until the actual date that the above-referenced settlement agreement was entered into, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the partner in writing with regard to the civil partnership level return examination.

(ii) Second, if it is determined that there was a waiver of the restrictions under §6213, which the taxpayers assert there was not, then interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment, and further, such abatement is required under §6404.

E. In the alternative, the taxpayer is entitled to a refund of the tax and interest paid, beginning with 1981, to the extent of the amount in each year offset by application of the taxpayers 1995 refund in the amount of $9,137 arising out of the settlement and wrongfully disallowed 6/28/01, which should have been applied to offset a portion of the deficiency in accordance with the terms of the settlement.

F. The refund claims for 1981 and 1982 are based on the same grounds as stated above. Those assessments were made based on the IRS' determination of adjustments to carrybacks as affected items under TEFRA arising from the settlement years.

25. Over six (6) months have elapsed since the Whitehursts filed their original claim for refund. Other than the disallowance described above, no action on the claims for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

26. The Whitehursts are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT THREE

(Calendar Year 1985)

27. Francis Dan Whitehurst and Mary D. Whitehurst timely filed a joint federal income tax return for the calendar year 1985 and paid the taxes reported due on said return. Their taxpayer identification numbers reflected on the subject tax return are XXX-XX-3117 and XXX-XX-5931, respectively.

28. Francis Dan Whitehurst was a limited partner in Cinema '84 for 1985.

29. A dispute arose between the IRS and Cinema '84 as to certain partnership items reported on the partnership's tax returns.

30. On November 30, 1999, the Whitehursts and the IRS entered into a Closing Agreement with respect to the Cinema '84 dispute.

31. Beginning on October 2, 2000, the IRS assessed tax of $3,249.00 and interest and penalties of $12,325.49 to the Whitehursts' 1985 tax account.

32. On April 15, 2001, the Whitehursts paid the 1985 assessments in full.

33. On April 15, 2003, the Whitehursts filed claims for refund of $3,249.00 in tax and $12,325.00 in interest for 1985.

34. On November 14, 2003, the IRS denied those claims.

35. As grounds for recovery in this action, the Whitehursts restate and incorporate herein the grounds for refund set out in those claims:

A. The settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their Partnership investment would be determined based on several factors set forth in the agreement, (ii) "any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attributable as allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that would be or had been recognized related to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their distributive share of any partnership income or gains for certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. Therefore, it is clear that any resulting tax deficiency to the taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of deficiency requirements under §§6212 and 6213. The IRS did not issue the statutory notice of deficiency with

regard to the assessments sought to be refunded in this claim. An assessment of a tax liability in violation of the restrictions on assessment set forth in §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under §6213.

B. The claim is timely. It is being filed within two years from the date of payment.

C. If it is determined that the taxpayers are entitled to anything less than a full refund, the recomputation of interest must take into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

D. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 as follows:

(i) First, interest should be abated for the period beginning with the commencement of the IRS' wrongful representation that the partners in this partnership would be entitled to request consistent settlements based upon those entered into by other partners, even providing the names and date of the settlements with respect to which the consistent settlements could be requested, the representation to the United States Tax Court that all of the cases then pending would be settled either based upon settlement documents that were in process or upon requests for consistent settlement, and then the subsequent refusal to enter into consistent settlements resulting in the delay from February 8, 1995 until the actual date that the above-referenced settlement agreement was entered into, all of which constituted

managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the partner in writing with regard to the civil partnership level return examination.

(ii) Second, if it is determined that there was a waiver of the restrictions under §6213, which the taxpayers assert there was not, then interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment, and further, such abatement is required under §6404.

E. In the alternative, the taxpayer is entitled to a refund of the tax and interest paid, beginning with 1981, to the extent of the amount in each year offset by application of the taxpayers 1995 refund in the amount of $9,137 arising out of the settlement and wrongfully disallowed 6/28/01, which should have been applied to offset a portion of the deficiency in accordance with the terms of the settlement.

F. The refund claims for 1981 and 1982 are based on the same grounds as stated above. Those assessments were made based on the IRS' determination of adjustments to carrybacks as affected items under TEFRA arising from the settlement years.

36. Over six (6) months have elapsed since the Whitehursts filed their original claim for refund. Other than the disallowance described above, no action on the claims for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

37. The Whitehursts are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT FOUR

(Calendar Year 1986)

38. Francis Dan Whitehurst and Mary D. Whitehurst timely filed a joint federal income tax return for the calendar year 1986 and paid the taxes reported due on said return. Their taxpayer identification numbers reflected on the subject tax return are XXX-XX-3117 and XXX-XX-5931, respectively.

39. Francis Dan Whitehurst was a limited partner in Cinema '84 for 1986.

40. A dispute arose between the IRS and Cinema '84 as to certain partnership items reported on the partnership's tax returns.

41. On November 30, 1999, the Whitehursts and the IRS entered into a Closing Agreement with respect to the Cinema '84 dispute.

42. Beginning on October 2, 2000, the IRS assessed tax of $3,205.00 and interest and penalties of $10,958.82 to the Whitehursts' 1986 tax account.

43. Beginning on April 19, 2001, the Whitehursts made a series of payments to their 1986 tax account that paid the 1986 assessments in full.

44. On April 15, 2003, the Whitehursts filed claims for refund of $3,294.00 in tax and $10,449.24.00 in interest, or such greater amount as is refundable, for 1986.

45. On November 14, 2003, the IRS denied those claims.

46. As grounds for recovery in this action, the Whitehursts restate and incorporate herein the grounds for refund set out in those claims:

A. The settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their Partnership investment would be determined based on several factors set forth in the agreement, (ii) "any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attributable as allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that would be or had been recognized related to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their distributive share of any partnership income or gains for certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. Therefore, it is clear that any resulting tax deficiency to the taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of deficiency requirements under §§6212 and 6213. The IRS did not issue the statutory notice of deficiency with regard to the assessments sought to be refunded in this claim. An assessment of a tax liability in violation of the restrictions on assessment set forth in §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under §6213.

B. The claim is timely. It is being filed within two years from the date of payment.

C. If it is determined that the taxpayers are entitled to anything less than a full refund, the recomputation of interest must take into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

D. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 as follows:

(i) First, interest should be abated for the period beginning with the commencement of the IRS' wrongful representation that the partners in this partnership would be entitled to request consistent settlements based upon those entered into by other partners, even providing the names and date of the settlements with respect to which the consistent settlements could be requested, the representation to the United States Tax Court that all of the cases then pending would be settled either based upon settlement documents that were in process or upon requests for consistent settlement, and then the subsequent refusal to enter into consistent settlements resulting in the delay from February 8, 1995 until the actual date that the above-referenced settlement agreement was entered into, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the partner in writing with regard to the civil partnership level return examination.

(ii) Second, if it is determined that there was a waiver of the restrictions under §6213, which the taxpayers assert there was not, then interest should be abated for the period

beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment, and further, such abatement is required under §6404.

E. In the alternative, the taxpayer is entitled to a refund of the tax and interest paid, beginning with 1981, to the extent of the amount in each year offset by application of the taxpayers 1995 refund in the amount of $9,137 arising out of the settlement and wrongfully disallowed 6/28/01, which should have been applied to offset a portion of the deficiency in accordance with the terms of the settlement.

F. The refund claims for 1981 and 1982 are based on the same grounds as stated above. Those assessments were made based on the IRS' determination of adjustments to carrybacks as affected items under TEFRA arising from the settlement years.

47. Over six (6) months have elapsed since the Whitehursts filed their original claim for refund. Other than the disallowance described above, no action on the claims for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

48. The Whitehursts are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT FIVE

(Calendar Year 1987)

49. Francis Dan Whitehurst and Mary D. Whitehurst timely filed a joint federal income tax return for the calendar year 1987 and paid the taxes reported due on said return. Their taxpayer

identification numbers reflected on the subject tax return are XXX-XX-3117 and XXX-XX-5931, respectively.

50. Francis Dan Whitehurst was a limited partner in Cinema '84 for 1987.

51. A dispute arose between the IRS and Cinema '84 as to certain partnership items reported on the partnership's tax returns.

52. On November 30, 1999, the Whitehursts and the IRS entered into a Closing Agreement with respect to the Cinema '84 dispute.

53. Beginning on October 2, 2000, the IRS assessed tax of $4,039.00 and interest and penalties of $11,939.04 to the Whitehursts' 1987 tax account.

54. On April 19, 2001, the Whitehursts paid the 1987 assessments in full.

55. On April 15, 2003, the Whitehursts filed claims for refund of $4,039.00 in tax and $11,939.00 in interest for 1987.

56. On November 14, 2003, the IRS denied those claims.

57. As grounds for recovery in this action, the Whitehursts restate and incorporate herein the grounds for refund set out in those claims:

A. The settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their Partnership investment would be determined based on several factors set forth in the agreement, (ii) "any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attributable as allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that

would be or had been recognized related to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their distributive share of any partnership income or gains for certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. Therefore, it is clear that any resulting tax deficiency to the taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of deficiency requirements under §§6212 and 6213. The IRS did not issue the statutory notice of deficiency with regard to the assessments sought to be refunded in this claim. An assessment of a tax liability in violation of the restrictions on assessment set forth in §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under §6213.

B. The claim is timely. It is being filed within two years from the date of payment.

C. If it is determined that the taxpayers are entitled to anything less than a full refund, the recomputation of interest must take into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

D. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 as follows:

(i) First, interest should be abated for the period beginning with the commencement of the IRS' wrongful representation that the partners in this partnership would be entitled to request consistent settlements based upon those entered into by other partners, even providing the names and date of the settlements with respect to which the consistent settlements could be requested, the representation to the United States Tax Court that all of the cases then pending would be settled either based upon settlement documents that were in process or upon requests for consistent settlement, and then the subsequent refusal to enter into consistent settlements resulting in the delay from February 8, 1995 until the actual date that the above-referenced settlement agreement was entered into, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the partner in writing with regard to the civil partnership level return examination.

(ii) Second, if it is determined that there was a waiver of the restrictions under §6213, which the taxpayers assert there was not, then interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment, and further, such abatement is required under §6404.

E. In the alternative, the taxpayer is entitled to a refund of the tax and interest paid, beginning with 1981, to the extent of the amount in each year offset by application of the taxpayers 1995 refund in the amount of $9,137 arising out of the settlement and wrongfully disallowed

6/28/01, which should have been applied to offset a portion of the deficiency in accordance with the terms of the settlement.

F. The refund claims for 1981 and 1982 are based on the same grounds as stated above. Those assessments were made based on the IRS' determination of adjustments to carrybacks as affected items under TEFRA arising from the settlement years.

58. Over six (6) months have elapsed since the Whitehursts filed their original claim for refund. Other than the disallowance described above, no action on the claims for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

59. The Whitehursts are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

WHEREFORE, Plaintiffs Francis Dan Whitehurst and Mary D. Whitehurst pray for judgment against the Defendant the United States of America in the amount of $63,100.39, plus interest assessed, plus attorneys' fees, interest and costs allowed by law, and for such other and further relief as this Court may deem appropriate.

Respectfully,

Thomas E. Redding
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

OF COUNSEL FOR PLAINTIFFS:
Teresa J. Womack
Sallie W. Gladney
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713)965-9244 Voice
(713)621-5227 Fax